**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4389**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

       versus

JAMES THOMAS HANCOCK,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:06-cr-00-206)

———————

Submitted:  December 17, 2007      Decided:  December 28, 2007

———————

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Milton B. Shoaf, Salisbury, North Carolina, for Appellant.  Anna
Mills Wagoner, United States Attorney, David P. Folmar, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Hancock was convicted by a jury of bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2000); bank robbery with a dangerous weapon, in violation of 18 U.S.C. §§ 2, 2113(d) (2000); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 2 (2000), 18 U.S.C.A. §§ 924(c)(1)(A)(ii), 924(c)(1)(B)(I) (West 2000 & Supp. 2007). On appeal, he challenges the district court's denial of his suppression motion and the imposition of a 174-month sentence of imprisonment. We affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). The question of voluntariness turns on the "totality of the circumstances," including the "characteristics of the defendant, the setting of the interview, and the details of the interrogation." United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987). A statement will be deemed involuntary if the accused's will has been "overborne" or his "capacity for self-determination critically impaired." Id.

We find that the district court did not err in denying Hancock's suppression motion. We have recognized that truthful

- 2 -

statements about the accused's predicament are not the type of "coercion" that renders his statement involuntary. See Pelton, 835 F.2d at 1072-73. Here, the investigator's reference to Hancock's mother was not a threat, but rather a true statement about his mother's predicament.[*] The statement was not sufficiently coercive to overbear Hancock's will or impair his capacity for self-determination.

We further find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 174-month sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We therefore conclude the sentence imposed was reasonable. See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness accorded within-guidelines sentence). Accordingly, we affirm Hancock's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Significantly, Hancock does not challenge the veracity of the investigator's statement about his mother.